IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| **JENNIFER GLOWNER,** | ) |
| | ) Civil Action No.: 5:20-cv-00076 |
| Plaintiff, | ) |
| | ) |
| v. | ) Jury Trial Demanded |
| | ) |
| **WILGO BO, LLC, and WILGO BO** | ) |
| **WINCHESTER GATEWAY, LLC,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

COMES NOW Plaintiff Jennifer Glowner, by counsel, and moves this Court for entry of judgment in her favor against Defendants Wilgo Bo, LLC and Wilgo Bo Winchester Gateway, LLC, and in support of her Complaint states as follows:

### INTRODUCTION

1. Plaintiff Jennifer Glowner brings this action against Defendants Wilgo Bo, LLC and Wilgo Bo Winchester Gateway, LLC (collectively "the Bojangles Defendants") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for unlawful discrimination and harassment based on her sex, and the Equal Pay Act of 1963, 29 U.S.C. § 206(d), *et seq.*, for unlawful discrimination in pay based on her sex.

### PARTIES

2. Plaintiff Jennifer Glowner is a citizen and resident of the City of Winchester, Virginia and is a former employee of Defendant Wilgo Bo, LLC.

3. Defendant Wilgo Bo, LLC is a limited liability Company formed and existing under the laws of the Commonwealth of Virginia, maintains its principal place of business in the County

of Albemarle, Virginia, and operates a business in the City of Winchester, Virginia. At all times relevant herein, Defendant Wilgo Bo, LLC transacted business, contracted to supply services or things, and maintained an interest in real property in the City of Winchester, Virginia.

4. Defendant Wilgo Bo Winchester Gateway, LLC is a limited liability Company formed and existing under the laws of the Commonwealth of Virginia, maintains its principal place of business in the County of Albemarle, Virginia, and operates a business in the City of Winchester, Virginia. At all times relevant herein, Defendant Wilgo Bo Winchester Gateway transacted business, contracted to supply services or things, and maintained an interest in real property in the City of Winchester, Virginia.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims in this action occurred in this District, and 28 U.S.C. § 1391(b)(1) in that each Defendant is deemed a resident of this District pursuant to 28 U.S.C. §§ 1391(c) and (d). Venue is proper in this division pursuant to Rule 2(b) of the Local Rules of the United States District Court for the Western District of Virginia.

7. Plaintiff filed a Charge of Discrimination against both Defendants with the United States Equal Employment Opportunity Commission ("EEOC") that included within its scope the claims alleged under Title VII herein. The Plaintiff received a Notice of Right to Sue from the EEOC dated August 6, 2020 and is filing this action within ninety (90) days of her receipt thereof.

## FACTS AND CIRCUMSTANCES COMMON TO ALL CAUSES OF ACTION

8. Plaintiff Jennifer Glowner is a thirty-seven (37) year-old female and is a former employee of the Bojangles Defendants.

9. At all times relevant herein, the Bojangles Defendants owned and operated a Bojangles restaurant ("the Bojangles restaurant") in the County of Frederick, Virginia.

10. On or about May 4, 2016 the Bojangles Defendants hired Plaintiff to work as a crew member at the Bojangles restaurant. On or about January 2, 2018 Plaintiff was promoted to Assistant Manager of the Bojangles restaurant, and continued in that role until the termination of her employment relationship on or about March 21, 2019.

11. Plaintiff served as the only Assistant Manager in the Bojangles restaurant until October 2018, at which time the Bojangles Defendants promoted Bryndan Swaner, a white male employee, to Assistant Manager.

12. Plaintiff and Mr. Swaner performed the same or similar duties for the Bojangles Defendants at the Bojangles restaurant. These duties included, but were not limited to, managing shifts, ordering from vendors, closing the restaurant, opening the restaurant, and other tasks around the restaurant.

13. Shortly after Mr. Swaner's promotion, he informed Plaintiff that he was being paid a higher rate of pay than Plaintiff despite Plaintiff having more experience and a better work performance than Mr. Swaner.

14. Plaintiff asked Dale Haywood, who was an owner and/or Director of Operations for the Defendants, about the disparity in pay between Plaintiff and Mr. Swaner. Mr. Haywood responded that the rate of pay was based on "need," and that Mr. Swaner "had a baby on the way and bills to pay."

15. Plaintiff reminded Mr. Haywood that she had children, one of whom worked at the Bojangles restaurant, and also had bills to pay. The Defendants refused to reconsider or correct the pay disparity.

16. During the course of Plaintiff's employment with the Bojangles Defendants, she was the victim of verbal abuse and physical threats from Bryndan Swaner and John Frike, who was the Kitchen Manager of the Bojangles restaurant.

17. Mr. Swaner and Mr. Frike regularly made comments in front of the Plaintiff and other employees of the Bojangles Defendants, including the Plaintiff's daughter, related to Plaintiff's sex and accusations that the Plaintiff was sexually promiscuous. These comments were intended to undermine Plaintiff's authority as the Assistant Manager based on negative sexual stereotypes.

18. For example, Mr. Swaner and Mr. Frike repeatedly and regularly accused the Plaintiff of having a sexual relationship with the Bojangles Defendants' Executive Administrator, Aaron Gray. Mr. Frike also stated that Plaintiff "spread lies like she spread her legs, a lot."

19. Plaintiff reported this harassing behavior to the Bojangles restaurant manager who excused the conduct and told Plaintiff that Mr. Swaner and Mr. Frike were "only joking" and that Plaintiff would have to continue to work with them because "she was older and knew better." The Bojangles Defendants took no action to stop the harassing behavior.

20. In September 2018, after Plaintiff had reported the harassing behavior to the Bojangles Defendants, Mr. Frike became angry while at work, yelled at Plaintiff, and called Plaintiff a "fucking bitch." Plaintiff reported this harassment to the Bojangles restaurant manager, and Mr. Frike was given a warning. The Bojangles Defendants took no other action to stop Mr. Frike's harassing behavior.

21. On or about March 18, 2019, Mr. Swaner and Mr. Frike yelled at Plaintiff and acted aggressively toward her during the course of the workday at the Bojangles restaurant after Plaintiff had asked Mr. Frike to stop making derogatory comments. They both responded by yelling at the

Plaintiff and physically confronting her. Mr. Frike, who is approximately 6' tall and weighs approximately 250 pounds, invaded the personal space of Plaintiff, who is 5'3" tall and weighed approximately 158 pounds, yelled at her and balled his fists in a threatening manner towards Plaintiff. While he made these threatening gestures, Mr. Frike yelled at Plaintiff in front of employees and customers that she "spreads lies like she spreads her legs, a lot."

22. A customer witnessing the harassing conduct on or about March 18, 2019, called the Bojangles Defendants' corporate offices and reported it to the Bojangles Defendants' management. In addition, another employee at the Bojangles restaurant reported it to the restaurant manager.

23. When the Plaintiff returned to work she attempted to discuss Mr. Frike's aggressive conduct toward her with the Bojangles restaurant manager. He told her that he had discussed the incident with Dale Haywood who informed him that the Bojangles Defendants management had decided not to take any action with regard to Mr. Frike and that the Plaintiff "knew better because she was older" and they would need to work together.

24. As a result of Mr. Frike's physical threats, and the Bojangles Defendants' refusal to take appropriate action to stop the sexual harassment by Mr. Frike and Mr. Swaner, Plaintiff stopped working at the Bojangles restaurant because she reasonably feared for her safety.

25. Mr. Swaner and Mr. Frike also harassed other female employees based on their sex, and even caused at least one female employee to quit as a result of the harassment, but the Bojangles Defendants took no action to make their harassment of female employees stop.

26. The Bojangles Defendants continued to employ Mr. Swaner and Mr. Frike following their harassment of Plaintiff on or about March 18, 2019 and took no disciplinary or

other action against either of them to stop their harassment despite Mr. Frike purportedly being on a "termination warning" for previously threatening Plaintiff.

27. Throughout the duration of her employment with the Bojangles Defendants, Plaintiff performed her work to the satisfaction of the Bojangles Defendants.

## FOR A FIRST CAUSE OF ACTION
### Unlawful Discrimination In Pay Based On Sex
### Violation of the Equal Pay Act, 29 U.S.C. § 206(d)

28. Plaintiff realleges the allegations contained in paragraphs 1-27 as if specifically stated herein.

29. At all times relevant herein, Defendants have been engaged in interstate commerce within the meaning of 29 U.S.C. §§203(r) and (s).

30. At all times relevant herein, each of the Defendants was an employer within the meaning of 29 U.S.C. §203.

31. At all times relevant herein, Plaintiff was engaged in interstate commerce in her employment with Defendants.

32. At all times relevant herein, Defendants owned and operated an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

33. On information and belief, at all times relevant herein, the annual gross sales volume of each of the Defendant's business was in excess of $500,000.00.

34. Plaintiff is a female and was employed by the Defendants as an Assistant Manager at the Bojangles restaurant located in Winchester, Virginia.

35. Defendants employed male employees as Assistant Managers at the Bojangles restaurant located in Winchester, Virginia and at Bojangles restaurants owned and operated by Defendants in other locations.

36. Plaintiff performed work equal to the Defendants' male Assistant Managers with regard to skill, effort and responsibility.

37. Plaintiff performed work under similar, or identical, working conditions as Defendants' male Assistant Managers.

38. Defendants paid Plaintiff less than male Assistant Managers because of her sex.

39. As a result of Defendants' discriminatory pay practices in violation of 29 U.S.C. § 206(d), Plaintiff has suffered injuries and damages including lost wages.

40. As a result of Defendants' discriminatory pay practices in violation of 29 U.S.C. § 206(d), Plaintiff is entitled to recover back pay, liquidated damages in an equal amount, and her attorneys' fees and costs incurred in bringing this action.

41. Defendants' violations of the Equal Pay Act were willful.

**FOR A SECOND CAUSE OF ACTION**
**Unlawful Discrimination Based on Sex**
**Violation of 42 U.S.C. § 2000e-2**

42. Plaintiff realleges the allegations contained in paragraphs 1-41 as if specifically stated herein.

43. At all times relevant herein, each Defendant was engaged in an industry affecting commerce and had fifteen (15) or more employees for each working day, and, as such, was an "employer" within the meaning of 42 U.S.C. § 2000e(b).

44. At all times relevant herein, Plaintiff was an employee of the Defendants and performed to the satisfaction of the Defendants.

45. Defendants paid male employees at a higher rate of pay than Plaintiff for the same or substantially similar work in substantially similar jobs.

46. Defendants paid Plaintiff a lower rate of pay than male employees for substantially similar work because of her sex and based on stereotypes of males as the "breadwinner" for a family.

47. Defendants' stated reason that it compensated Plaintiff at a lower rate of pay than male employees—*i.e.* that the pay disparity was based on the financial "needs" of a male employee—was a pretext for unlawful discrimination based on sex because Defendants paid Plaintiff lesser wages even though Plaintiff had the same or greater "needs" than male employees.

48. As a result of Defendant's unlawful discrimination in violation of 42 U.S.C. § 2000e-2, Plaintiff has suffered injuries and damages including lost wages and benefits, emotional distress, humiliation, and other harm.

49. As a result of Defendant's unlawful discrimination in violation of 42 U.S.C. § 2000e-2, Plaintiff is entitled to recover back pay, front pay, lost benefits, compensatory damages and punitive damages, and her attorneys' fees and costs incurred in bringing this action.

**FOR A THIRD CAUSE OF ACTION**
**Unlawful Harassment Based on Sex**
**Violation of 42 U.S.C. § 2000e-2**

50. Plaintiff realleges the allegations contained in paragraphs 1-49 as if specifically stated herein.

51. Defendants' employees engaged in aggressive, offensive, and physically threatening behavior toward Plaintiff, including using sex-based epithets, yelling, physical intimidation and overt physical threats, because of Plaintiff's sex.

52. Defendants' employees' offensive behavior was unwelcome, and Plaintiff indicated it as such to Defendants' management.

53. Defendants' employees' conduct was severe and/or pervasive such that Plaintiff considered the work environment intimidating, hostile, or abusive, and a reasonable person would consider the work environment intimidating, hostile, or abusive.

54. Defendants were aware of their employees' unlawful and harassing conduct both through multiple complaints by the Plaintiff and others, including customers of Defendants' business.

55. As a result of Defendants' employees' conduct, Plaintiff felt compelled to resign, and a reasonable person would have felt compelled to resign. Indeed, Defendants' employees engaged in the same or substantially similar behavior toward other females causing at least one other female to quit her employment with Defendants.

56. As a result of Defendants' employees' harassment, and the resulting termination of Plaintiff's employment, Plaintiff has suffered injuries and damages including lost wages and benefits, emotional distress, humiliation, and other harm.

57. As a result of Plaintiff's supervisor's harassment, and the resulting termination of Plaintiff's employment, Plaintiff is entitled to recover back pay, front pay, lost benefits, compensatory damages and punitive damages, and her attorneys' fees and costs incurred in bringing this action.

**PRAYER FOR RELIEF**

58. Plaintiff prays that this Court grant judgment against Defendant as follows:

   a. For an Order awarding her wages due under the Equal Pay Act and liquidated damages in an equal amount;

b. For an Order awarding equitable relief including appropriate back pay and front pay;

c. For an Order awarding Plaintiff's lost wages and benefits;

d. For an Order awarding compensatory damages, including emotional distress, mental anguish, and humiliation;

e. For an Order awarding punitive damages; and

f. For an Order awarding Plaintiff's attorneys' fees and costs incurred in bringing this action.

## JURY DEMAND

59. Plaintiff demands a trial by jury.

Respectfully submitted,

JENNIFER GLOWNER

/s/ William C. Tucker
William C. Tucker (VSB No. 40754)
Tucker Law Firm, PLC
690 Berkmar Circle
Charlottesville, Virginia 22901
(434) 978-0100 Phone
(434) 978-0101 Fax
bill.tucker@tuckerlawplc.com

*Attorney for Plaintiff*